JUANA PÉREZ, demandante y apelante, *v.* EL PUEBLO DE PUERTO RICO, demandado y apelado.

Núm. 7396.—*Sometido:* Marzo 23, 1938. *Resuelto:* Diciembre 23, 1938.

*Miguel A. Bustelo*, abogado de la apelante; *Hon. Procurador General B. Fernández García y Angel C. Calderón, Subprocurador,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La demandante en este caso es la madre de un niño de tres años que cayó y se ahogó en un tanque de inmersión perteneciente al demandado. Además de una causa de acción por la muerte del menor, la madre adujo otra causa de acción

para recobrar daños y perjuicios por los daños personales sufridos por ella mientras trataba de salvar a su hijo. El demandado excepcionó la demanda por dos fundamentos: (*a*) falta de jurisdicción sobre El Pueblo de Puerto Rico, y, (*b*) falta de hechos para determinar una causa de acción. La corte inferior declaró con lugar las excepciones y, de conformidad con la moción de la demandante para que se dictara sentencia sobre las alegaciones, declaró sin lugar la demanda. Contra tal sentencia ha sido interpuesto el presente recurso de apelación.

Aunque nos inclinamos a creer que el presente recurso, tal cual el mismo ha sido aducido, no cae dentro de las disposiciones del artículo 1803 del Código Civil (ed. 1930) que permite pleitos contra El Pueblo de Puerto Rico por los daños cometidos por sus agentes especiales, preferimos decidir el caso en los méritos de las alegaciones mismas.

En substancia, se alega en la demanda que El Pueblo de Puerto Rico era dueño y controlaba un tanque de inmersión utilizado para la exterminación de ciertos parásitos que afectan al ganado; que el tanque "tenía y tiene una apariencia peculiar que atrae la curiosidad de las personas y principalmente la de los niños" . . .; que el tanque estaba situado en propiedad de un tercero y fué construído por El Pueblo de Puerto Rico a través de un contratista independiente; que se halla enclavado a la vera del batey de la casa de la demandante; que el hijo de ésta, atraído por la apariencia peculiar del tanque, se acercó, cayó en dicho tanque de inmersión y se ahogó; que la muerte del menor se debió a la negligencia del demandado por tener construído el aludido tanque demasiado cerca de la casa de la demandante y por carecer el mismo de protección alguna y además por estar abierto al libre acceso de cualquier viandante, y principalmente de los niños.

La otra causa de acción depende de la suficiencia de la que acabamos de mencionar y es innecesario discutirla.

De un examen detenido de las alegaciones que hemos resumido se desprende que la demandante descansaba en la teoría de peligro atrayente (*attractive nuisance*). El accidente ocurrió dentro de la propiedad de un tercero, donde bajo cualquiera otra teoría, el niño no tenía derecho a estar. A nuestro juicio, la demanda deja de alegar hechos suficientes para aducir una causa de acción contra el demandado por mantener un peligro atrayente. No se hace una descripción satisfactoria de lo que constituía la atracción para el niño en cuestión ni existe alegación alguna de que el demandado sabía, o en el ejercicio de cuidado ordinario debió haber sabido, que los niños serían atraídos al tánque de inmersión. En otras palabras, la demandante dejó de alegar hechos de los cuales debió haber surgido el deber del demandado de protegerse contra los niños. La alegación de que la casa de la demandante estaba junto al sitio en que se construyó el tanque es insuficiente. Falta también la alegación que tan frecuentemente se hace de que era probable que los niños se congregarían o jugarían en los alrededores del lugar donde ocurrió el accidente. La mera posibilidad de que un niño pueda ser atraído y lesionado carece de importancia. Debe existir la probabilidad de que el niño sea atraído y lesionado, pues en este último caso la presencia del niño debe ser anticipada por el demandado. Véanse 50 Harvard Law Review 737; Restatement of the Law of Torts, pág. 920; y el análisis de la cuestión hecho por el Juez Córdova Dávila en el caso de *Ramos* v. *Sucn. Serrallés,* 51 D.P.R. 343.

*Bajo las circunstancias debemos confirmar la sentencia de la corte inferior.*

El Juez Asociado Sr. Hutchison concurrió.*

Los Jueces Sres. Presidente Del Toro y Asociado De Jesús no intervinieron.

---

* NOTA: Véase el prefacio.